Judge Roane.
Upon the authority of some decisions in this Court, and particularly that of Hunter v. Spotswood,(b) I incline to think that the testator of the appellant was responsible for the interest; and therefore concur with the judge who preceded me, who seems more clear upon the question than I am. In the case of Hunter v. Spotswood, this Court affirmed a decree of the Chancery, giving interest against Herndon, who had, as Sheriff, received mo *263 ney produced by die sale of attached effects under an order requiring him to pay the same to Hunter, he giving security therefor. Hunter declining to do this, the money remaiaecl (and, it was said, had died by depreciation) in v 7 “ . ' Herndon's hands. It is supposed that this interest was creed on the ground that the identical money was not kept by Herndon, but that he had used it, and, perhaps, made a profit on it.
On the ground of the principle established by this decree, I concur that the decree of the District Court be ■UIIKMED.
Judge Fleming.
The only remaining question in this case is, whether the appellant’s testator has shewn good legal cause why he should have been exempt from the payment of interest on his bond from the 25th of December, 1786, the time it was payable, to the 20th of March, 1793, when he was dismissed out of York Court. The ground of his claim to such exemption was, that during all that-time, his hands were tied, by the restraining order of the County Court of York, and he knew not to whom the money was to be paid.
In order to a correct decision, let us take a short view of the progress of the business from its origin.
The bond in question to Theodorick Bland, was dated the 30th of March, 1785, and payable the 25ih of December, 1786. On the 10th of May preceding, it was assigned to Emanuel Walker & Co. On the 19th, process in Chancery issued from York Court, against Theodorick Bland., the obligee, and the defendant Henry Tazewell, on whom process was served on the 24*th of the same month. In September, 1786, the bill was filed in York Court. In January, 1787, (if not before,) Henry Tazewell had, notice that, the bond was assigned to Emanuel Walker í¿? Co. In March following, an attachment issued to compel him to answer; and on the 20th of the same month, Walker & Co. assigned the bond to J. Barrett Es1 Co. On the 21st of May was *264 made an'order of York Court, restraining the defendant from disposing of any debts or effects of Theodorick Bland, anc^ John Barrett &? Co. made defendants to the suit; who t^le*r answer'> which in August the same year was with- and the bill dismissed as to them. In September, 1792, Henry Tazewell filed his answer ; five years and a half after the attachment, and in March following, the suit in Chancery was dismissed as to him.
In September, 1794, J. Barrett & Co. instituted a suit on the bond, in the District Court of Williamsburg-, against H. Tazewell, who brought into Court 539/. 10s. 5d. which he tenderedin discharge of his bond, claiming an exemption from the payment of interest from the 25th of December, 1786, till ihe 20th of March, 1793, when the suit in Chancery was dismissed, as to him. Barrett & Co. refused to receive the money on those terms.
Upon the assignment of the bond to Walker & Co. which was done previous to the issuing of process in Chancery from York Court, Mr. Tazewell immediately became their debtor, and was no longer the debtor of Theodorick Bland and it is stated in the original bill of exceptions, as agreed by the parties themselves, and certified by Judge Parker, that he had notice of the assignment of the bond to Walker Si? Co. before it became due, but subsequent to the process of York Court being served on him ; though it is found in the verdict, that in January, 1787, the defendant’s testator had notice that the bond was assigned to Emanuel Walker Co. on the 10th day of May, 1786, which does not contradict what had been previously agreed by the parties, that he had notice of the assignment before the bond became payable. But, admitting that he had no notice till a month afterwards, what ought he then to have done ? He knew that the bond carried interest on the amount of the condition, irom the day it became payable, and that the person or persons entitled to the principal debt, had also a right to the accruing interest; and, whilst the matter was suspended by the Chancery process of York Court, he ought (if he meant *265 to exonerate himself from the payment of interest) to have brought, and deposited the money in Court, there to abide its subsequent order, on the same principle that a defendant in debt, upon a bond with condition for the payment - , of a lesser sum at a certain day, who would avail himself oí a plea of tender, and that he was, and always had been, ready to pay ; in order to avoid damages for the detention of the debt, must also bring the money into Court. And he ought immediately, or in a reasonable time, to have answered the bill; and stated (which he might have done in a few words) the assignment of the bond to Walker Si? Co. by which it would have appeared to the Court, that he was no longer the debtor of Bland; he would consequently have been immediately dismissed from the suit in Chancery, and all difficulties respecting the creditor of the bond, would have ceased, as it was payable to the last assignees ; but instead of doing what was incumbent on him, he failed to answer until, in March following, an attachment was awarded against hint for his contempt; and five years and a half thereafter he filed his answer, and was soon after dismissed out of York Court; keeping in suspense and withholding the debt all this while from John Barrett & Co. to whom the bond had been assigned on the 20th of March, 1787, about three months after it became due. When the bond was put in suit in the year 1794, the defendant brought into Court the sum of 539/. 105. Sd. which he tendered in discharge of his bond, claiming an exemption from the payment of upwards of six years’ interest, on account of difficulties which arose from his own negligence and misconduct; and it is a sound maxim in law, that no man shall take advantage of his own laches to the prejudice of another. The case of MlCall EsP Turner was cited, and relied on by the appellant’s counsel; but that case is essentially different from the present. There the obligee was beyond sea, where he remained from Aprils 1775, to April, 1783, and it was not known in whose posses, slon he left the bond, or whether he took it with him ; and it is well known that a debtor is not obliged to seek his cre *266 <^tor *n a foreign country ; and it was upon that ground that the interest was extinguished during MLCall's absence be» 3'oni^ seai added to the obstructions to the ordinary course of business, during the revolutionary war. I am of opinion, upon the whole, that the appellant’s claim of exemption from the payment of interest, is altogether unsustainable, both in law and equity ; and that the judgment ought to be affirmed.

 1 Wash. 45.